DA 09-0156

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 361N

JASON E. LORENZ,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DV 07-137
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        William F. Hooks, Hooks & Wright, Helena, Montana

        For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

        Scott Herring, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  September 30, 2009

Decided:  October 27, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jason E. Lorenz (Lorenz) appeals from the District Court's order denying his petition for postconviction relief. We reverse and remand to the District Court to allow Lorenz to withdraw his nolo contendere plea to the charge of attempted incest.

¶3 The State charged Lorenz with one count of attempted incest and two counts of incest. The charges involve separate victims. Lorenz entered into a plea agreement whereby the State agreed to drop the two incest counts in exchange for Lorenz entering a nolo contendere plea to the attempted incest charge. The court accepted Lorenz's plea and sentenced him to a seven-year commitment to the Department of Corrections, with five years suspended.

¶4 The District Court denied Lorenz's initial petition for postconviction relief in which he alleged that his counsel provided ineffective assistance. Lorenz then filed a petition for writ of habeas corpus in federal court. He raised similar claims there. The State moved the District Court to stay the proceedings to allow Lorenz to file a second petition for postconviction relief in state court. Lorenz filed a second petition in state court and the District Court denied it. The court said that it could not imagine why Lorenz had entered guilty pleas to crimes he knew he could not have committed. The court refused to speculate

2

as to Lorenz's reasons and it pointed out that Lorenz may have entered a plea to the lesser charge of attempted incest in order to avoid prosecution on the more serious offenses involving other victims. Lorenz appeals.

¶5 The State concedes that this Court should apply the miscarriage of justice exception to the time bar on Lorenz's petition for postconviction relief. The State acknowledges that the alleged victim of the attempted incest is not a "sister of the whole or half blood" of Lorenz as required by § 45-5-507, MCA. The State points out that it first discovered that Lorenz was not biologically related to the victim during the federal habeas corpus proceeding. As a result, the State recognizes Lorenz is now serving a sentence for attempted incest that he could not have committed because the element of a "sister of the whole or half blood" is not present here.

¶6 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We have determined to decide this case pursuant to Section I, Paragraph 3(d)(v), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that the State properly concedes that the District Court should have applied the manifest miscarriage of justice exception to the time bar contained in § 46-21-102, MCA, and that the District Court should have granted Lorenz's petition to withdraw his nolo contendere plea.

3

¶7 We reverse and remand to the District Court to allow Lorenz to withdraw his nolo contendere plea to the attempted incest charge.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE